FILED'09 DEC 8 15:43USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JULIE A. TOTH, an individual, | ) |
| Plaintiff, | ) Civil No. 08-653-JE |
| v. | ) FINDINGS AND<br>) RECOMMENDATION |
| INA LIFE INSURANCE COMPANY OF<br>NEW YORK; PFIZER, INCORPORATED<br>GROUP LONG TERM DISABILITY<br>PLAN, | ) |
| Defendants/<br>Counter Claimants. | ) |
| v. | ) |
| JULIE A. TOTH, an individual, | ) |
| Counter Defendant. | ) |

Mark D. DeBofsky
Daley, DeBofsky & Bryant
55 West Monroe Street, Suite 2440
Chicago, IL 60603

Megan E. Glor
621 S.W. Morrison Street, Suite 900
Portland, OR 97205

Attorneys for Plaintiff/Counter Defendant

1 - FINDINGS AND RECOMMENDATION

William T. Patton
Sarah E. Haushild
Lane Powell, P.C.
601 S.W. Second Avenue, Suite 2100
Portland, OR 97204-3158

      Attorneys for Defendants/Counter Claimant

Plaintiff Julie Toth brought this action seeking review of a decision by defendants INA Life Insurance Company of New York (INA) and Pfizer, Inc. Long Term Disability Plan (Pfizer) terminating her long term disability benefits. Following a decision in her favor, plaintiff seeks recovery of attorney fees in the amount of $48,265.50 and costs in the amount of $757.41, pursuant to the Employee Income Security Act of 1974, 29 U.S.C. § 1132(g)(1).

For the reasons set out below, I conclude that plaintiff is entitled to an award of attorney fees and costs, and recommend that plaintiff recover attorney fees in the amount of $35,706.34 and costs in the amount of $757.41.

## BACKGROUND

This action is the second that plaintiff has brought to contest the plan administrator's determination that she is not entitled to long term disability benefits under a plan provided by defendant Pfizer, her former employer. In the first action, a judgment was entered on May 20, 2003, requiring that defendants pay plaintiff long term disability benefits, prejudgment interest, and reasonable attorneys fees.

The present action was filed after defendants concluded for the second time that plaintiff was not disabled within the meaning of the relevant plan, and stopped paying plaintiff long term disability benefits. Based upon my analysis of the parties' cross motions for summary judgment, I again recommended that defendants be required to pay plaintiff long term disability benefits, as well as interest and reasonable attorney fees. In making this recommendation, I noted the consensus of plaintiff's treating physicians that plaintiff is significantly impaired and permanently disabled, and determined that defendants' reliance on

the conclusions of a reviewing nurse, a physician hired to review the record, and a conclusory statement by defendant CIGNA's Medical Director did not cast doubt upon the substantial evidence that plaintiff is disabled. Toth v. INA Life Insurance Co., slip op. at 22 (D. Or., June 18, 2009). I also noted that, absent special circumstances that are not present in this action, a prevailing ERISA plaintiff should ordinarily recover attorney fees. Id. at 23.

## DISCUSSION

Plaintiff now seeks an award of attorney fees in the amount of $48,265.50 and costs in the amount of $757.41. The total attorney fees sought includes $40,263.00 for work performed by the Chicago law firm of Daley, DeBofsky & Bryant, and $8,002.50 for work performed by plaintiff's local counsel, Megan Glor. Plaintiff seeks to recover for the work performed by Mark DeBofsky at a rate of $500.00 per hour; work performed by Violet Borowski, an associate at Daley, DeBofsky & Bryant, at a rate of $250.00 per hour; work performed by a law clerk at $100 per hour; and work performed by Megan Glor, a Portland, Oregon, attorney, at a rate of $275.00 per hour.

Defendants contend that plaintiff is not entitled to recover any attorney fees in this action. They further contend that, if plaintiff does recover fees, she should recover substantially less than the amount requested.

### 1. Plaintiff's Entitlement to Recover Attorney Fees

Defendants contend that plaintiff is not entitled to recover attorney fees in this action because she made no showing that she satisfied the factors for determining such an award set out in Hummell v. S.E. Rykoff & Co., 634 F.2d 446 (9th Cir. 1980).

I disagree. Pursuant to 29 U.S.C. § 1132(g)(1), "the court in its discretion may allow reasonable attorney's fees and costs of action to either party." Because ERISA is intended "to protect employee rights and to secure effective access to federal courts," that provision is interpreted as meaning that, if a plan beneficiary prevails in an action brought to enforce her

rights under an ERISA plan, she should ordinarily recover attorney's fees "unless special circumstances would render such an award unjust." Nelson v. EG & G Energy Measurements Group, Inc., 37 F.3d 1384, 1392 (9th Cir. 1994) (quoting Smith v. CMTA-IAM Pension Trust, 746 F.2d 587, 589 (9th Cir. 1984)). As I noted in my most recent Findings and Recommendation in this action, no special factors here favor deviation from this general rule.

Where, as here, it is evident from the court's judgment that an ERISA plaintiff has prevailed, the court need not engage in a discussion of the "Hummell" factors. E.g., Grosz-Salomon v. Paul Revere Life Ins. Co., 237 F.3d 1154, 1164 (9th Cir. 2001); Nelson, 37 F.3d at 1392. Nevertheless, I briefly note that analysis of those factors only reinforces the conclusion that plaintiff is entitled to recover her reasonable attorney fees. These factors include culpability or bad faith, the ability of the opposing party to satisfy an award of attorney fees, whether an award of fees would have a deterrent effect on others in similar circumstances, whether the party requesting fees sought to benefit other plan beneficiaries or to resolve a significant legal question concerning ERISA, and the relative merits of the parties' position. Hummell, 634 F.2d at 453.

In the latest Findings and Recommendations in this action, I noted that plaintiff's claim was well supported, and that defendants relied on an unsupportable analysis of the evidence, unfounded accusations of improper bias on the part of plaintiff's physicians, and unsupported assertions that plaintiff exaggerated her impairments. Toth, slip op. at 16, 17. I also noted that the totality of the evidence clearly established that plaintiff lacked the physical capacity and concentration needed to sustain competitive employment. Under these circumstances, defendants' decision to discontinue plaintiff's disability benefits constituted "bad faith" within the meaning of Hummell.

The second Hummell factor is satisfied because there is no basis for concluding that defendants are unable to pay an award of attorney fees, and the third factor is satisfied

4 - FINDINGS AND RECOMMENDATION

because an award could dissuade companies in defendants' position from terminating benefits under similar circumstances.

The fourth factor is satisfied because, though plaintiff brought this action only on her own behalf, other plan beneficiaries, and particularly those whose disability is based upon chronic fatigue, could benefit from plaintiff's litigation of this matter.

Finally, the fifth factor is satisfied because plaintiff's position was fully supported by the medical record and the applicable law, and defendants' was not.

In sum, plaintiff is entitled to an award of attorney fees without consideration of the Hummell factors. She is also entitled to recover her reasonable attorney fees if those factors are considered.

2. Amount of Attorney Fees Plaintiff Should Recover

a. Method by which award of reasonable attorney fees is determined

In calculating the amount of attorney fees recoverable in an action brought under 29 U.S.C. § 1132(g)(1), courts in this Circuit apply a hybrid of "lodestar/multiplier" factors. D'Emanuele v. Montgomery Ward & Co., Inc., 904 F.2d 1379, 1383 (9th Cir. 1990). Under this "essentially . . . two-part test," the court first determines a "lodestar" amount by multiplying the number of hours that were reasonably expended on the litigation by a reasonable hourly rate. Id. (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). The court may then increase or decrease the "lodestar" fee based upon those factors identified by the Ninth Circuit Court of Appeals in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975) which are not subsumed in the initial lodestar calculation. Id. (citing Hensley, 461 U.S. at 434 n. 9).

The Kerr factors include: (1) the time and labor required by the action; (2) the novelty and difficulty of the issues presented; (3) the skill required to properly litigate the matter; (4) the preclusion of other employment owing to an attorney's acceptance of the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) time limitations

5 - FINDINGS AND RECOMMENDATION

imposed by the client or by the circumstances of the litigation; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of counsel's professional relationship with the client; and (12) awards in similar cases. Kerr, 526 F.2d at 70. The subsumed factors include: (1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of the representation; (4) the results obtained; and (5) the superior performance of counsel. D'Emanuele, 904 F.2d at 1383 (citing Blum v. Stenson, 465 U.S. 886, 898-90 (1984)). Because the lodestar amount is presumed to be a reasonable fee, increases or decreases are the exception. Id.

It determining the amount of attorney fees that should be recovered, the court must consider the "prevailing market rate in the relevant community." Blum, 465 U.S. at 895 n. 11. The "relevant community" is the community in which the district court is located, Davis v. Mason County, 927 F.2d 1473, 1488 (9th Cir. 1991), and the appropriate rate is the amount that an attorney of comparable skill, experience, and reputation could charge in that community. Blum, 465 U.S. at 895 n. 11.

b. Determining appropriate amount of fees here

As noted above, plaintiff seeks an award of attorney fees in the amount of $48,265.50. This total includes compensation for: 29.1 hours of work by Megan Glor, plaintiff's local counsel, at an hourly rate of $275; 51.2 hours of work by Mark DeBofsky, plaintiff's counsel in Chicago, Illinois, at an hourly rate of $500; 54.82 hours of work by Violet Borowski, an associate attorney at the law firm of Daley, DeBofsky & Bryant, at an hourly rate of $250; and 9.58 hours of work performed by a law clerk at Daley, DeBofsky & Bryant, at an hourly rate of $100.

Plaintiff has submitted declarations stating that Mark DeBofsky is a highly experienced ERISA specialist with an outstanding national representation, and that Megan Glor, plaintiff's local counsel, is also a highly regarded ERISA specialist with nearly 20

6 - FINDINGS AND RECOMMENDATION

years of experience. Plaintiff contends that attorney rates in ERISA actions are determined according to a "national standard" rather than according to the local rates which generally apply in determining fee awards, and that Mr. DeBofsky should be compensated at the rate of $500 per hour because that was his normal billing rate and was within the normal range of prevailing rates for an attorney of his experience in Chicago when he worked on her case. She also asserts that this rate is appropriate because it is "in line with the highest fees reported in Portland" in the Oregon 2007 Economic Survey of attorney fee rates. Plaintiff contends that the $250 per hour rate for an associate attorney of Ms. Borowski's experience in Chicago is appropriate under the applicable "national standard," as is the $275 per hour rate sought for work performed by plaintiff's local counsel.

Defendants contend that the appropriate rate of attorney compensation should be determined by reference to the local rates which usually apply when calculating reasonable fees. They assert that the appropriate rate for Mr. DeBofsky is $275 per hour, that the appropriate rate for Ms. Borowski is $185 per hour, and that the appropriate rate for Ms. Glor is $230 per hour. Defendants do not dispute the $100 rate sought for work performed by a law clerk. However, they do contend that the fees awarded for the work of each attorney should be reduced by 17% to reflect "duplicative work unnecessarily incurred by having Ms. Glor (who by all accounts could have represented plaintiff alone) act as local counsel for the Daley, DeBofsky & Bryant firm." Applying defendant's adjustments would reduce the total award of attorney fees and costs to $27,211.75.

Based upon my familiarity with this action and my review of the time records submitted, I am satisfied that the number of hours for which compensation is sought is reasonable, and should not be reduced because plaintiff's co-counsel in Oregon spent time reviewing, revising, and editing some of the materials drafted by plaintiff's Chicago counsel. The total time that all of plaintiff's counsel devoted to the tasks in question was reasonable, and does not appear to reflect any inefficiencies engendered by local counsel's work on plaintiff's memoranda. I am satisfied that an appropriate lodestar calculation will yield the

7 - FINDINGS AND RECOMMENDATION

proper attorney fee award, and decline defendants' request that I adjust the amount downward based upon any of the Kerr factors.

I do conclude, however, that the hourly rates requested for work performed by Mr. Debofsky, Ms. Borowski, and Ms. Glor are excessive. There is no question that Mr. Debofsky is highly skilled and experienced in ERISA litigation, and his work for plaintiff here produced excellent results. However, as the material submitted in support of her request for attorney fees indicates, Ms. Glor is also highly skilled and experienced in this type of litigation, and there is no basis for concluding that she could not have achieved the same success had she been plaintiff's lead or only counsel. Though this matter required the careful review of a detailed medical record, the legal and factual issues were not particularly complex or difficult, and the correct result–plaintiff's right to receive the benefits she requested–was readily apparent from that record. This second lawsuit concerning plaintiff's right to benefits was no more factually or legally complex than the first action, in which plaintiff was successfully represented only by Portland counsel. Plaintiff certainly has the right to select counsel of her choice, and I in no way fault her decision to employ Mr. Debofsky. However, when wholly adequate counsel can be obtained in the local legal market at a much lower hourly rate, defendants should not be required to bear the extra expense associated with use of counsel from a locality where prevailing legal rates are substantially higher.

I have carefully reviewed the parties' arguments as to whether the appropriate attorney rates in an ERISA action should be determined by reference to a local or "national" legal market, and the decisions cited in support of the parties' respective positions. Based upon that review, I conclude that, as in other actions in which attorney fees may be recovered by a prevailing party, the appropriate rate is that in the local legal market. Plaintiff correctly notes that district courts in Iowa and Connecticut have applied a "national" rate in fixing attorney fees in ERISA matters. See Torgeson v. Unum Life Ins. Co. of America, 2007 WL 433540 (N.D. Iowa, Feb. 5, 2007); Dobson v. Hartford Financial Servs. Group, Inc., 2002 WL

31094894 (D. Conn., Aug. 2, 2002). However, the parties have cited, and I have found, no reported decisions from this district or from the Ninth Circuit Court of Appeals adopting that standard. Nor is the argument that a "national standard" should apply to ERISA cases persuasive. Certainly, ERISA cases often require specialized knowledge, and the number of attorneys with experience in ERISA matters may be relatively small. However, that may be the case with a variety of types of fee shifting cases in which no "national standard" applies, and it is the experience of this court that there are a number of attorneys who competently litigate ERISA cases in the Portland area. In any event, as noted above, the legal and factual issues posed in the present action were not particularly complex, and I am satisfied that there are a number of Portland attorneys who could have competently represented plaintiff here.

In an ERISA attorney fee decision in this district, Mindt v. Prudential Ins. Co. of America, 2004 WL 1878339 at *2 (D. Or., Aug. 23, 2004), Magistrate-Judge Stewart squarely rejected the "national standard" argument. Magistrate-Judge Stewart instead held that, in determining a reasonable fee, this court must look to the prevailing rates in the relevant community in which it sits, and that the relevant community here is Portland, Oregon. I agree with that conclusion, and will look to the prevailing rates in this community in calculating an award of reasonable attorney fees here.

In determining whether a requested rate is reasonable, courts in this district look to the Oregon State Bar Economic Survey as an "initial benchmark." Roberts v. Interstate Distributor Co., 242 F. Supp. 2d 850, 857 (D. Or. 2002). The most recent Oregon State Bar Economic Survey was completed in December, 2007. Because inflation has been nearly flat since that time, I am satisfied that the rates reported in that Survey remain applicable.

Ms. Glor was admitted to practice in 1990, and has approximately 19 years experience. The average hourly billing rate for a Portland attorney with that experience in 2007 was $267, and the median billing rate was $275. Based upon these figures, I conclude that a rate of $270 per hour is appropriate for the 29.1 hours that Ms. Glor worked on this

matter. An award of attorney fees for Ms. Glor in the amount of $7,857 is therefore appropriate.

Mr. DeBofsky has nearly 30 years of experience, primarily practicing ERISA law. The average billing rate for Portland attorneys with 21-30 years of experience is $277 per hour, and the median rate is $275 per hour. Because he is very highly experienced in the practice of ERISA litigation, and could probably command more than these amounts, I have concluded that the rates charged by attorneys with more than thirty years of experience are more consistent with the compensation that Mr. DeBofsky should receive for his services. The average hourly rate for attorneys in this market who have more than thirty years of experience is $287. The median rate is $300. Awarding $300 per hour for the 51.2 hours that he worked on this case yields a reasonable award of attorney fees of $15,360 for Mr. DeBofsky's services.

Ms. Borowski, an associate attorney with Mr. DeBofsky's firm, has approximately five years experience. The median rate for an attorney with this experience in Portland is $185 per hour, and the average rate is $188 per hour. Plaintiff should recover attorney fees at the hourly rate of $187 for the 54.82 hours that Ms. Borowski worked on this case, for a total of $10,251.34.

Defendants do not dispute the $100 per hour sought for the work performed by Ms. Utz, a law clerk. I agree that this rate is appropriate, and recommend that plaintiff recover that rate for the 9.58 hours that Ms. Utz worked on this case, for a total of $958.

Adding these amounts, plaintiff should recover a total of $34,426.34 in attorney fees. Plaintiff should also recover her undisputed costs in the amount of $757.41. In total, plaintiff should recover costs and attorney fees in the amount of $35,183.75.

## CONCLUSION

Plaintiff's request for an award of attorney fees and costs (# 48) should be GRANTED, and plaintiff should recover attorney fees and costs in the amount of $35,183.75.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due December 30, 2009. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

A party may respond to another party's objections within 14 days after service of a copy of the objections. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or the latest date for filing a response.

DATED this 8th day of December, 2009.

/s/ John Jelderks
John Jelderks
U.S. Magistrate Judge